IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

THE GUARDIAN LIFE
INSURANCE COMPANY OF
AMERICA,

    Plaintiff,

      v.

ORLANDERS LOONEY,
ROMIESTINE LOONEY, CARL
LOONEY, JEANETTE MILAM, and
C & J FINANCIAL, L.L.C.,

    Defendants.

CIVIL ACTION
NO. 3:05-CV-068-JTC

## O R D E R

Pending before the Court is Plaintiff's Motion to be Discharged and for an Award of Attorney Fees and Costs [# 26].  Because Defendants have not responded to Plaintiff's motion, it is deemed unopposed.  See LR 7.1B, NDGa. The Court **GRANTS** Plaintiff's motion [# 26].

## I.    Background

Plaintiff filed this Complaint in interpleader on July 26, 2005, to resolve conflicting claims to life insurance benefits payable by reason of the death of Ronald Looney.  On August 16, 2005, the Court entered an Order directing Plaintiff to pay $15,621.97, representing the insurance proceeds and interest

for Group Policy No G-00353811-PC (the "Group Policy"), into the registry of the Court.  Two days later, Plaintiff deposited this amount into the registry. Plaintiff now requests an Order discharging it from further liability and awarding its costs and attorneys' fees associated with bringing this action.

**II.    Analysis**

"It is a generally accepted principle that a disinterested stakeholder that has filed an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs."  Aetna Life Ins. Co. v. Warringer, No. 1:93cv2403, 1995 WL 640875, at *2 (N.D. Ga. 1995)(Ward, J.); SouthTrust Bank of Fla., N.A., v. Wilson, 971 F. Supp. 539, 542 (M.D. Fla. 1997); Kurland v. U.S., 919 F. Supp. 419, 421 (M.D. Fla. 1996).  After the disinterested stakeholder deposits the disputed funds into the registry of the court, a court may dismiss the plaintiff from the case, discharge the plaintiff from further liability, and enjoin the defendants from bringing further action against the plaintiff regarding the disputed funds.  Warringer, 1995 WL 640876, at *2; Kurland, 919 F. Supp. at 421.

After a review of the record, the Court determines that Plaintiff has discharged all of its obligations regarding the insurance proceeds under the Group Policy.  Plaintiff deposited the insurance proceeds, plus interest, into

2

the registry of the Court.  Because Plaintiff makes no claim to the proceeds,
its responsibilities in this action have ceased.  Moreover, none of the
Defendants object to Plaintiff's discharge from this action.  Accordingly, the
Court **GRANTS** Plaintiff's motion and discharges Plaintiff from further
obligations under this action and from liability under the Group Policy.

Plaintiff also requests an award of $2500 in attorneys' fees and costs.[1]
Courts, in their discretion, generally award costs and attorneys' fees to the
plaintiff who initiates an interpleader action as a disinterested stakeholder.
See Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986).
"The usual practice is to tax the costs and fees against the interpleader fund,
although the court may tax the losing claimant directly when her conduct
justifies doing so." Id. at 1498.   Courts, however, should keep an award of
attorneys' fees and costs modest and limited to the services related to the
interpleader action.  Warringer, 1995 WL 640876, at *2.  Although the Court
agrees that Plaintiff is entitled to an award of costs and attorneys' fees, the
amount requested by Plaintiff is not appropriate in this case.  An award of
$2500 in attorneys' fees and costs would substantially reduce the insurance

---

[1] Although Plaintiff only requests $2500 in attorneys' fees and costs, Plaintiff
contends that it has incurred $7,257.50 in attorneys' fees and $1,002.82 in costs
litigating this case.

benefits, as it represents 16% of the total amount deposited with the Court.

Awarding such a high proportion of the deposited funds to Plaintiff exceeds

the typical awards other courts in this Circuit.  See Boyd, 781 F.2d at 1498

(awarding costs and fees of $1040.99 from the $63,261.60 in deposited funds);

Primerica Life Ins. Co. v. Walden, 170 F. Supp. 2d 1195, 1200 (S.D. Ala.

2001)(awarding costs and fees of $5,750.00 from the $1,201,654.78 in deposited

funds); Aetna Life Ins. Co. v. Warringer, No. 1:93cv2403, slip op. (N.D. Ga.

July 24, 1995)(Ward, J.)(awarding costs and fees of $5814 from $362,879.30 in

deposited funds); Hoover v. McCullough Indus., Inc., 351 F. Supp. 1023 (S.D.

Ala. 1972)(awarding fees of $500 from the $34,403.16 in deposited funds).

Accordingly, the Court **AWARDS** Plaintiff $250.00 in costs, representing the

filing fee, and $500.00 in attorneys' fees.  Such an award is  appropriate and

reasonable in this case.

**III.    Conclusion**

The Court **GRANTS** Plaintiff's motion [# 26]. The Court Orders the

**DISCHARGE** of Plaintiff from this action and **ENJOINS** Defendants from

further action against Plaintiff in connection with the disputed insurance

proceeds.  The Court **AWARDS** Plaintiff $750.00 in costs and attorneys' fees,

to be paid out of the interpleader fund previously deposited in the registry.

4

**SO ORDERED**, this __28th__ day of March 2006.


/s/ Jack Camp_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE